UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NERYS CABRERA,
          Petitioner,

    v.                                        Civil Action No. 05-10954-WGY

UNITED STATES,
          Respondent.

NERYS CABRERA,
          Petitioner,

    v.                                        Civil Action No. 05-10971-WGY

UNITED STATES,
          Respondent.

## MEMORANDUM AND ORDER

YOUNG, C.J.

    For the reasons stated herein: 1) Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Docket #1 in C.A. 05-10954-WGY) is denied as moot; and 2) C.A. 05-10971-WGY is dismissed without prejudice as a duplicative case filing, and C.A. 05-10954-WGY is dismissed on the merits.

## BACKGROUND

    On May 6, 2004 Petitioner Nerys Cabrera, a prisoner at Danbury Federal Prison in Danbury, Connecticut, filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. Due to a Clerk's Office error in the case opening process, the Petitioner's motion was assigned two separate case numbers. (Cabrera v. United States, C.A. 05-10954-WGY and Cabrera v. United States, C.A. 05-10971-WGY). Civil Action number 05-10954-WGY contains an identical copy of the original § 2255 motion and memorandum in support,

accompanied by an Application to Proceed Without Prepayment of Fees (docketed as a Motion for Leave to Proceed *in forma pauperis* (#1)).  Civil Action number 05-10971-WGY contains only the original § 2255 motion and memorandum in support..

## DISCUSSION

In view of the clerical error in opening two § 2255 cases, it is hereby ORDERED that the case Cabrera v. United States, C.A. 05-10971-WGY, as the later-assigned case, shall be Dismissed without prejudice as duplicative of C.A.05-10971-WGY.

It is Further Ordered that Civil Action 05-10934-WGY is dismissed on the grounds that the Petitioner has failed to state a cognizable claim under § 2255.  Petitioner's reliance on the Blakely[1] and Booker/FanFan line of cases is misplaced. "[P]etitions under 28 U.S.C. § 2255 are unavailable to advance Booker claims in the absence of a Supreme Court decision rendering *Booker* retroactive."  U.S. v. Fraser, —F.3d—, 2005 WL 1090138, *1 (1st Cir. (Me.) May 10, 2005), quoting Cirlo-Munoz v. United States, No. 02-1846, slip. op. At 14 (1st Cir. Apr. —, 2005).

With respect to the Motion for Leave to Proceed *in forma pauperis* (#1), the motion is denied as moot, because there is no filing fee levied on Motions filed pursuant to § 2255.

## CONCLUSION

ACCORDINGLY, for the reasons stated herein, it is hereby ORDERED:

1. Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Docket #1 in CR 05-10954-WGY) is denied as moot; and

---

[1] Blakely v. Washington, --- U.S. ----, 124 S. Ct. 2531, 159 L. Ed.2d 403 (2004); Booker v. United States --- U.S. ----, 125 S. Ct. 738, 160 L. Ed.2d 621 (2005).

2.  <u>Cabrera v. United States</u>, CR 05-10971-WGY is Dismissed without prejudice as a duplicative case filing.

3.  <u>Cabrera v. United States</u>, CR 05-10954-WGY is Dismissed on the merits.

SO ORDERED.

|  |  |
|---|---|
| DATED: June 6, 2005 | <u>/s/ William G. Young</u><br>WILLIAM G. YOUNG<br>CHIEF, UNITED STATES DISTRICT JUDGE |